UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                             2:13-cr-51-FtM-29UAM

LLOYD JONES

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss for Violation of Due Process (Doc. #27) filed on July 22, 2013. The government filed its Response (Doc. #29) in opposition on August 2, 2013.

Defendant argues that the Indictment must be dismissed because the police officers involved failed to preserve the firearm for fingerprint and DNA testing, in violation of his Fifth Amendment right to due process of law. The Court assumes the facts proffered in defendant's motion are correct for purposes of the motion.

"The loss of evidence by the government is a denial of due process only when the defendant shows that the 'evidence was likely to significantly contribute to his defense'" and "that the loss of evidence was a result of bad faith on the part of the government or police." United States v. Lanzon, 639 F.3d 1293, 1300 (11th Cir. 2011)(citation omitted). To satisfy the standard of constitutional materiality, "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable

evidence by other reasonably available means." <u>United States v. Revolorio-Ramo</u>, 468 F.3d 771, 774 (11th Cir. 2006)(quoting <u>California v. Trombetta</u>, 467 U.S. 479, 489 (1984)).  Neither fingerprint testing nor DNA testing would necessarily have established that defendant did not possess the gun.  The motion to dismiss fails to establish either legal requirement.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss for Violation of Due Process (Doc. #27) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of September, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record